

**TONKAWA TRIBE OF OKLAHOMA**

# TONKAWA TRIBAL GAMING COMMISSION

P.O. BOX 467 • PHONE (580) 628-2066 • FAX: (580) 628-7034
TONKAWA, OKLAHOMA 74653

January 22, 2009

Michael J. Gaughan Jr. - Chief Operating Officer
Gaughan Gaming – Native Lights, LLC
Gaughan Gaming – Tonkawa Indian Casino, LLC
3555 West Reno Avenue, Suite C
Las Vegas, NV  89118

RE: Compliance Agreement, Vendor Licensing and Registration

Dear Mr. Gaughan,

The Tonkawa Tribal Gaming Commission (TTGC) has received the response from casino managers Tom Davis and Don James concerning the failure of Native Lights and Tonkawa Casino to comply with TTGC requirements regarding doing business with unregistered or unlicensed non-gaming vendors.

This response and other information available to the TTGC make it clear that casino management was advised orally and in writing of the TTGC requirements prior to doing business with such vendors and has consistently and repeatedly failed to comply with these requirements as outlined below.

Specifically the applicable rules state:

5.2  Types of License. As specified in the Code, each of the following requires a license by the commission:

5.2.4  Non-gaming Vendors who, directly or indirectly, provide or are likely to provide at least Twenty-five Thousand Dollars ($25,000.00) in goods and services to the gaming facility or enterprise in any twelve-month period, or who have received at Twenty-five Thousand Dollars ($25,000.00) for goods and services provided to the enterprise in any consecutive twelve-month preceding twenty-four month period, except for attorneys or certified public accountants and their firms.

5.3.1  All non-gaming vendors providing services or goods to the gaming enterprise or a gaming facility in an amount less then Twenty-five Thousand Dollars ($25,000.00) in any twelve-month period must submit a registration form in the manner and form as prescribed by the Commission.

5.1.7 (b) A gaming enterprise or management contractor or other person operating a gaming facility on Tribal lands is prohibited from purchasing, leasing or otherwise acquiring services from a vendor unless the vendor is licensed or registered by the Commission as provided in these regulations.

In May 2008, the TTGC commenced an inquiry into the licensing and registration status of non-gaming vendors doing business with Native Lights and Tonkawa casinos. The inquiry revealed that the two

**EXHIBIT
1**

casinos were doing busine___ with at least 25 unlicensed vendors and 91 ___registered vendors. The TTGC subsequently monitored compliance with these requirements for several months and did not find significant change in the level of compliance. Basically, the above casinos continued to do business with a substantial number of vendors that lacked the required licenses or registrations. In November 2008, TTGC staff met with casino management to resolve this situation and were assured that all required vendors would obtain the proper licenses or registration by December 5, 2008. The TTGC granted an extension to this deadline until January 7, 2009 at the request of casino management.

As of January 7, 2009 the TTGC had not received a single completed vendor application or registration form.  The Commission has also not received an explanation as to why management has failed to comply with the Commission regulations and directives regarding doing business only with properly licensed or registered vendors.

The correspondence from management suggest  that the failure to comply with the above regulations is attributable to issues related to Commission forms and the lack of follow-up with vendors by the casino compliance officer after the November 2008 meeting. The response ignores the central issue: namely that the casino management has carried on commerce with these unregistered vendors in violation of the above rules and have done so for an extended period of time. The correspondence does not dispute, and indeed can not dispute, that casino management knew of the rules requiring licensing and registration of non-gaming vendors and has failed to comply. When any Tonkawa Casino is about to obtain goods or services from any vendor, it is the casino management's obligation to advise the vendor's representative as to the licensing and registration requirements. Internally management must have a process in place to follow-up and ensure that the casinos do not continue to do business with a vendor that has not acquired a valid registration or license. The response admits that there was no system in place to ensure compliance with these requirements prior to January 7, 2009.

The TTGC needs to be assured that no such non- compliance will occur in the future and therefore proposes the following compliance agreement to remedy the serious violations of TTGC regulations. This Agreement will establish conditions to help assure that this type of violation will not occur in the future.

The following conditions will provide assurances and direction to the Commission regarding the contracting and purchasing process going forward:

1. Casino management will develop an internal procedure, subject to approval by the executive director, to assure that all future contracts, purchases or agreements with non-gaming vendors fully comply with all applicable TTGC regulations related to licensing and registration. At a minimum, these procedures must include all of the following:

   a. Assignment of the responsibility for oversight and review of all vendor agreements to a position involved in the casino purchasing or accounting department, or at the corporate level.
   b. A internal methodology for tracking vendors and vendor expenditures that enables identification of those vendors required to be licensed or registered.
   c. A system for ensuring that vendors are promptly notified of licensing and registration requirements at the point of initial contact and that all vendors are supplied with the proper forms and instructions.

2. Management will report to the Commission, on quarterly basis, the status of all vendors and purchases on a form approved by the Commission.

3. The Commission must be notified in writing of any non-gaming vendor that refuses to comply with these requirements.

4. All contracts and other forms used in conjunction with the acquisition of goods and services from non-gaming vendors must include language that notifies the vendor that failure to comply with regulatory requirements may result in termination and may bar the vendor from reimbursement for services or good rendered or delivered.

5. After March 1, 20... , Gaughan Gaming will pay an administrat... assessment of 1,000.00 per day for each non-gaming vendor that the casinos are doing business with who has failed to obtain a valid license or registration

6. Gaughan Gaming a will pay an assessment of $10,000.00 for its failure to comply with TTGC regulations regarding the licensing and registration of non-gaming vendors to date.

The above assessments will not be charged as an operational expense or otherwise cause a reduction in the amount of net revenue transferred to the Tonkawa Tribe pursuant to the approved management agreement.

If you concur with all the above terms and conditions, please sign and date two originals of this letter and return the original to me.

The failure to agree to the above terms and conditions will result in the initiation of disciplinary action.


Sincerely,

Executive Director


Cc;
Tom Davis
Don James
Don Patterson
Russell Martin
Les Cusher
Tom Nelson


Agreed and accepted:

_____
Michael J. Gaughan, Jr.

Date:

_____



**TONKAWA TRIBE OF OKLAHOMA**
# TONKAWA TRIBAL GAMING COMMISSION
10750 ALLEN DRIVE
TONKAWA, OKLAHOMA 74653

April 27, 2009

Michael L. Gaughan, President and COO
Gaughan Gaming-Native Lights, L.L.C.
Gaughan Gaming-Tonkawa, L.L.C.
8924 Spanish Ridge Avenue
Las Vegas, NV 89148

Re:   Compliance Agreement, Vendor Licensing and Registration

Dear Mr. Gaughan:

In my letter of April 7, 2009 regarding the above matter, I advised that the administrative assessment of $5,000.00 specified in my correspondence of March 24, 2009 would not be subject to reduction.. My letter of April 7 further advised that if you did not agree with the assessment that you were entitled to take the matter to the full Commission, which would make its own independent determination.

To date, the assessment has not been received by the Commission. Therefore, if a remittance in the amount of $5,000.00 is not received at the Commission office by the close of business on May 8, 2009, a formal disciplinary complaint will be filed in this matter. I refer you to Chapter 13 of the Tonkawa Tribal Gaming Commission Regulations for the procedures governing this process. In particular, please note the actions available to the Commission pursuant to R. 13.2.7.

Thank you for you attention to this matter

Sincerely,

*Patrick Leen*

Patrick B. Leen, Executive Director
Tonkawa Tribal Gaming Commission

cc: John Gaughan
    James Chrisman, Esq.
    Tom Davis
    Don James
    Don Patterson
    Christine Baker



TONKAWA TRIBE OF OKLAHOMA
# TONKAWA TRIBAL GAMING COMMISSION
P.O. BOX 467 • PHONE (580) 628-2066 • FAX: (580) 628-7034
TONKAWA, OKLAHOMA 74653

January 26, 2010

Glenn Vichengrad
General Manager
Native Lights Casino

Subject: Notice of Violation

Mr. Vichengrad,

The following polices were not followed during the hiring of the new IT Director:

Native Lights "Job Announcements and Posting Policy" page 2, section III,

     b.  No position will be recruited for without a properly completed and approved Personnel Requisition Form being submitted to the Human Resource Director.

Section C, Job Announcement

    1.  If the job vacancy is a position that has been appropriately classified, the Human Resources Director will, within twenty-four (24) hours of receiving a properly completed Personnel Requisition Form prepare a Career Opportunity Announcement.

       d. All Career Opportunity Announcements shall be forwarded to the Tonkawa Tribe for posting.

The commission began issuing individual fines to licensed casino employees on September 1, 2009 as explained in commission letter dated August 17, 2009.  This letter will be you're **only** written warning; the next notice will be a fine of $50.00.

Sincerely,

Christine Baker
Executive Director

Cc; Russell Martin
    Brenda Gaston



**TONKAWA TRIBE OF OKLAHOMA**
# TONKAWA TRIBAL GAMING COMMISSION
10750 ALLEN DRIVE
TONKAWA, OKLAHOMA 74653

March 2, 2010

Mr. John Gaughan
Gaughan Gaming L.L.C
8924 Spanish Ridge Avenue
Las Vegas, NV 89148

   ***Re:  Notice of Violation - Compliance Agreement***

Dear Mr. Gaughan:

   This letter is issued and authorized pursuant to the authority granted to the Tonkawa Tribal Gaming Commission ("Commission") by the Tonkawa Tribe of Oklahoma ("Tribe") Gaming Ordinance ("Gaming Ordinance") and implementing Tonkawa Gaming Commission Regulations ("Regulations"). On February 11, 2010 a letter from Gaughan Gaming was received by Commission Executive Director Christine Baker responding to a request for information from Ms. Baker dated February 3, 2010. Ms. Baker forwarded the materials from Gaughan Gaming to the Commission for review and the Commission concluded that based upon the failure to comply with the Gaming Ordinance and Gaming Regulations corrective and disciplinary action must be taken as described herein.

### Commission Requests and Gaughan Gaming Responses

   Executive Director Baker, on behalf of the Commission, requested the following items in the February 3, 2010 letter:

- The Commission requests all documents, records, files, or otherwise regarding the altercations and domestic violence incidents at Native Lights Casino as described as "Event #1" [regarding the domestic violence altercation].

Mr. Gaughan
March 2, 2010
Notice of Violation – Compliance Agreement
Page 2

_____

- The Commission requests all documents, records, files, or otherwise regarding the incident of the patron being wrongfully removed from Native Lights Casino as described as "Event #2" [NIGC complaint from patron].

- As requested at the Commission meeting on January 25, 2010, the Commission seeks an explanation for the letter issued to former employees regarding unauthorized access to personal and confidential information described in this letter as "Event #3" [letter issued by Ms. Francine Mazzella regarding unauthorized access to employee records].

- Provide an updated organizational chart including security and surveillance protocol.

- Pursuant to Commission Regulation 4.1.5, Gaughan Gaming shall disclose the existence of any attorney-client privilege documents to the Commission with a general description of its content and the basis for asserting its privilege.

### *Responses to the Commission Requests*

Unfortunately, the responses received by the Commission from Gaughan Gaming do not constitute satisfactory responses and are incomplete. In terms of "Event #1," the Gaughan Gaming response and report provides an explanation of what occurred after the intoxicated subject was removed (identified in the Security report submitted by Gaughan Gaming as Miguel Henriquez) after striking a female subject (identified in the report as Tomasa Ptinoco). The report, however, is incomplete and neglects to include any statement or findings of what occurred prior to the removal of the patron either by security or surveillance. Based upon the initial review of the surveillance footage by Commission staff, a more serious altercation took place on the gaming floor involving the two subjects referenced in "Attachment 1 - Event #1," but there was a third male subject also involved.

In addition, other than some vague reference that Gaughan Gaming is "unclear whether the three events referenced" in the February 3, 2010 letter fall within the foregoing reporting duty under Section 4.4 of the Commission's Regulations, your response does not indicate why the event was not immediately reported. Immediate reporting of such an event is required. Section 4.4.6 of the Commission Regulations provides that events must be reported including "**[a]ny other action, occurrence, or non-occurrence for which the Commission has instructed the applicant or licensee to provide notice.**" Gaughan Gaming, and the relevant employees for both Native Lights and Tonkawa were provided with a document from the Commission of what and when to report events entitled "NOTICE AND REPORT REQUIREMENTS" and that pursuant to such document and Section 9.4.1 of the Commission Regulations, Gaughan Gaming shall immediately report the physical detention of a person

Mr. Gaughan
March 2, 2010
Notice of Violation – Compliance Agreement
Page 3

_____

suspected of criminal activity to the appropriate law enforcement agency and the Commission.
Section 9.4.1 provides:

> A gaming facility licensee shall immediately report the physical detention of a
> person suspected of criminal activity to the appropriate law enforcement agency
> and the Commission.

Since the reports and footage show that a subject was detained and law enforcement was
called to the facility, the Commission was required to be notified immediately.  The Commission
was not notified immediately.

Based upon Gaughan Gaming's response to "Event #1," the Commission's conclusion is
that surveillance staff was unaware of the first altercation that occurred near the snack bar.  This
incident raises serious concerns about the communication and reporting structure between
management, security, and surveillance and the protocol of management when these situations
occur - in addition to the security and integrity of the facility.  The Commission will proceed
with action due to the violations of the Gaming Ordinance and Gaming Regulations, and to
ensure this lack of reporting does not occur again.

In terms of "Event #2" the Gaughan Gaming response again provides information that
raises serious concern about the relationship and protocol between surveillance, security, and
management.  The Statement of Andrew Flood indicates that surveillance told him "they found
the lady" and told Mr. Flood where the subject was located.  The statement from surveillance
staff provided that they told Mr. Flood there was a possible match, but not a positive match.
Either way, the surveillance footage revealed the wrong person was removed from the premises,
and the statement and investigation findings from Native Lights General Manager Glenn
Vichengrad confirm this fact.

On the one hand, there is the issue of mistaken identity and possible racial profiling, but
on the other hand, the findings, statements, and report do not reveal what management is doing
with regard to the subject that took the twenty ($20) dollars from the electronic gaming device.
The Commission will proceed with action due to the violations of the Gaming Ordinance and
Gaming Regulations, and to ensure that this lack of reporting does not occur again.   The
Commission is working with management on Policies and Procedures regarding the banning of
patrons from the facilities.

With regard to the "Event #3" you provided an unsatisfactory response.  You point to the
letter indicating that Gaughan Gaming was legally required to notify each of the former
employees due to potential identity theft concerns.  Again you ignore that both federal and tribal
law permit the Commission to have unrestricted and immediate access to all records, and that
regardless of whether it was the Commission who viewed files without proper authorization, a
report of the unauthorized access should have been submitted to the Commission.   In the

Mr. Gaughan
March 2, 2010
Notice of Violation – Compliance Agreement
Page 4

_____

November 25, 2009 letter you referenced Gaughan Gaming was conducting an investigation but the details and reports of such investigation and concluding report was never submitted to the Commission.

Unfortunately, Gaughan Gaming does not seem to understand gaming regulation as required under the Tonkawa Gaming Ordinance and implementing regulations.  Gaughan Gaming, however, need not concern itself with the specific reason why the Commission requests access to records.  The Commission again points you to Section 3.3(f)(7) of the Gaming Ordinance, and Section 2.14.4 of the Commission's Gaming Regulations.

You state that Commission access to the records was requested for the purpose of finding out why certain former employees were terminated by Gaughan Gaming.  Determining why a former employee was terminated *is* a regulatory and licensing matter.  Although an employee may be terminated by management, this does not automatically cause the gaming license of the terminated employee to be revoked.  The Commission continues to have jurisdiction over the gaming licensee despite termination of employment.  The reason for termination could have an effect on the suitability of that individual if another federal, state or tribal gaming commission or agency or other law enforcement agency requests information regarding such individual.  The Commission is obligated and permitted by law to disclose relevant information to other licensing or law enforcement agencies when requested.

The Commission, moreover, is obligated to review the termination to determine whether the reason for termination impacts the suitability of other licensees including other employees, the manager or the terminated employee.  Any notion that the Commissioners or Commission staff does not have access to the information is plainly ignorant.  The fact that Gaughan Gaming sent a letter to the former employees shows your ignorance with licensing and regulatory matters, and such positions will not be tolerated by the Commission. The Commission will proceed with action due to the violations of the Gaming Ordinance and Gaming Regulations.

Lastly, although the Commission received organizational charts for Tonkawa and Native Lights, the responses did not include written security or surveillance protocols as requested.  The Commission is suspicious that such written security or surveillance protocols do not exist. The Commission will proceed with action due to the violations of the Gaming Ordinance and Gaming Regulations.

The Commission must be assured that, in the future, Gaughan Gaming will comply with the Gaming Ordinance and Gaming Regulations to remedy the aforementioned violations.  As such, Gaughan Gaming shall comply with the following conditions:

    1.  Gaughan Gaming shall immediately notify the Commission when a casino patron, employee or anyone else is detained, followed by a report from

Mr. Gaughan
March 2, 2010
Notice of Violation – Compliance Agreement
Page 5

_____

Security no later than the next day (regardless of whether the altercation occurs during the weekend) after the altercation occurs;

2. Gaughan Gaming shall immediately notify the Commission when any altercations occur in the facility including patrons or employees;

3. Gaughan Gaming shall provide weekly reports to the Commission as to any casino patrons that are ejected, banned, or otherwise escorted out the facilities and the justification for such ejection, banishment, or otherwise;

4. Gaughan Gaming shall submit written internal Policies and Procedures regarding the ejection, banishment, or otherwise of casino patrons for Commission review and approval no later than March 22, 2010;

5. Gaughan Gaming shall submit written internal Policies and Procedures regarding Surveillance protocol regarding the interaction between Security and Surveillance on cash drops, scheduling of cash drops, location of subjects for investigation, for Commission review and approval no later than March 22, 2010;

6. Gaughan Gaming shall submit verification of bonding for Security staff;

7. Gaughan Gaming shall submit written verification of professional training attended by all Security and Surveillance;

8. Gaughan Gaming shall provide the Commission or its agents to have immediate, unhindered, and unrestricted access to all records of the Enterprise;

9. After March 22, 2010, Gaughan Gaming shall pay an administrative assessment of $1,000.00 per day in the event such conditions described herein are not followed; and

10. Gaughan Gaming shall immediately pay an assessment of $10,000.00 for its failure to comply with the Gaming Ordinance and Commission Regulations as described herein.

The above assessments shall not be charged as an operational expense or otherwise cause a reduction in the amount of net revenue transferred to the Tonkawa Tribe pursuant to the approved management agreement.

Mr. Gaughan
March 2, 2010
Notice of Violation – Compliance Agreement
Page 6
_____

       If you concur with all the above terms and conditions, please sign and date two originals of this letter and return to the Commission offices via certified mail.  Please note that failure to agree to the above terms and conditions will result in further disciplinary action.

                             Sincerely,

                             Russell Martin
                             Chairman, Tonkawa Gaming Commission

                             Kermit Norman
                             Commissioner, Tonkawa Gaming Commission

                             Gene Big Soldier
                             Commissioner, Tonkawa Gaming Commission

Agreed and accepted:

_____
John Gaughan

_____
Dated

c:     Glenn Vichengrad, General Manager Native Lights Casino
       Don James, General Manager Tonkawa Casino
       Tonkawa Tribal Business Committee



TONKAWA TRIBE OF OKLAHOMA
# TONKAWA TRIBAL GAMING COMMISSION
P.O. BOX 467 • PHONE (580) 628-2066 • FAX: (580) 628-7034
TONKAWA, OKLAHOMA 74653

March 5, 2010

Glenn Vichengrad
General Manager
Native Lights Casino

RE: Notice Of Violation

Mr. Vichengrad,

During a recent investigation by commission staff we discovered that Native Lights has been issuing complementary drink coupons and has ran drink specials at the bar. Under the Able Commission rules this type of activity is not allowed.

Therefore, effective immediately Native Lights is to no longer issue complimentary drink coupons and all drink special from the bar must be submitted to the commission for approval 15 days prior to implementing.

If you have any questions please feel free to contact me at 580-628-2066.

Sincerely,

Christine Baker
Executive Director

Cc; Brenda Gaston
     Russell Martin



**TONKAWA TRIBE OF OKLAHOMA**
# TONKAWA TRIBAL GAMING COMMISSION
10750 ALLEN DRIVE
TONKAWA, OKLAHOMA 74653

July 19, 2010

Mr. John Gaughan
Gaughan Gaming - Native Lights LLC
Gaughan Gaming - Tonkawa LLC
8924 Spanish Ridge Avenue
Las Vegas, NV 89148

>    *Re:     Notice of Violation*

Dear Mr. Gaughan:

This letter is issued and authorized pursuant to the authority granted to the Tonkawa Tribal Gaming Commission ("Commission") by the Tonkawa Tribe of Oklahoma ("Tribe") Gaming Ordinance ("Gaming Ordinance") and implementing Tonkawa Gaming Commission Regulations ("Regulations").  On March 2, 2010, the Commission issued a Notice of Violation ("NOV"), received by Gaughan Gaming - Native Lights LLC and Gaughan Gaming - Tonkawa LLC (collectively the "Manager") and a compliance agreement regarding several issues as stated in the letter including events regarding a lack of required interaction between Security and Surveillance and failure to report incidents.

### *Background - Prior Notice of Violation*

The Commission issued a NOV that was received by the Manager on March 10, 2010, and the Commission issued another letter on April 9, 2010 requiring the Manager to submit a $10,000 administrative assessment immediately.  The April 9th letter also required Gaughan Gaming to comply with several conditions by the date of April 19, 2010 or face a $1,000 per day assessment.  Although the Manager ultimately submitted the $10,000 administrative assessment, the payment was not submitted in a timely fashion.  Moreover, the conditions stated in the NOV issued on March 10, 2010 were not and have not been fully satisfied by the Manager.

Gaughan Gaming
July 19, 2010
Notice of Violation
Page 2

_____

On April 20, 2010, the Manager did not pay the $10,000 administrative assessment and was not in full compliance with the conditions placed on the Manager.  On the same date, the Commission sent an additional letter to the Manager indicating that if the Manager did not submit the assessment or was not in full compliance by April 22, 2010 the Commission would initial an action to determine whether the Manager was suitable to remain as the manager of the Tribe's gaming facilities.

On May 25, 2010, the Manager and the Commission met to discuss the status of compliance with the NOV issued on March 10, 2010.  The Manager was informed that three (3) conditions required of the Manager in the March 10 NOV were not being met, as follows:

1.  Gaughan Gaming shall provide weekly reports to the Commission as to any casino patrons that are ejected, banned, or otherwise escorted out the facilities and the justification for such ejection, banishment, or otherwise;

2.  Gaughan Gaming shall submit written internal Policies and Procedures regarding Surveillance protocol regarding the interaction between Security and Surveillance on cash drops, scheduling of cash drops, location of subjects for investigation, for Commission review and approval no later than March 22, 2010; and

3.  Gaughan Gaming shall submit written verification of professional training attended by all Security and Surveillance.

Through several communications, the Manager argues that the conditions required by the Commission were met.  The Commission does not agree that the Manager is currently in full compliance with these conditions, the Manager is making an effort to reach substantial compliance.  The central purpose and reason the Commission placed these conditions upon the Manager was to prevent further issues relating to non-communication between Security and Surveillance as it directly impacts the integrity of the Tribe's gaming facilities.  Whether or not the conditions of the March 10 NOV are being complied with, unfortunately, is not relevant as there continues to be non-communication between Security and Surveillance.  The failure to comply is very alarming to the Commission.  The failure to comply has put the Tonkawa Nation as well as Gaughan Gaming at great risk of being sued at the very least and maybe losing the ability to have gaming.

### *Continued Violations of Gaming Ordinance and Gaming Regulations*

### <u>Event 1</u>

The Commission received further documentation and evidence indicating that violations relating to the non-communication between Security and Surveillance continue to occur and

Gaughan Gaming
July 19, 2010
Notice of Violation
Page 3

_____

thus, the Commission is required to take additional action.  Specifically, on April 25, 2010 Surveillance filed a Surveillance Risk Management / Injured Person Incident report (IR#:7752) stating that a woman was ill in the Café and may have needed medical assistance.  The Surveillance staff overheard radio traffic regarding the incident but was never contacted by Security.  Based upon the circumstances of the incident Surveillance personnel needed to be contacted to monitor the situation.

### Event 2

Specifically, on April 26, 2010 Surveillance filed an Error / Procedure Notification report (EP#:7756) stating a cage employee notified Security of a drawer overage of $160.  Surveillance was not notified at any point but Surveillance personnel happened to notice on the monitors that a search was conducted by one Security office.  This occurrence is extremely troubling and raises serious concerns about the protocols.  First at least two Security officers should have been present to conduct any search and without any doubt Surveillance was required to be notified and to monitor the search.

### Event 3

In addition, on April 28, 2010 Surveillance filed a Surveillance Risk Management / Injured Person Incident report (IR#:7759) where a patron felt dizzy and laid down on the floor near Bank 1-K.  The Surveillance report indicated that they were never notified directly of the incident, and they monitored the situation due to overhearing radio traffic.  The Commission also received a report from Security which stated both the Shift Manger and Surveillance were notified.  Again this is precisely the reason protocols relating to the interaction between Surveillance and Security are needed (or need to be followed).  The Security department says Surveillance was directly notified and the report filed by Surveillance completely contradicts the Security report.

### Event 4

On June 26, 2010 Surveillance filed a Surveillance Risk Management / Injured Person Incident report (IR#:7911) where Surveillance overheard radio traffic relating to a medical emergency near the east men's bathroom at Native Lights Casino.  A patron passed our near the restroom.  Surveillance was not notified by Security as to the situation.

### Event 5

On June 28, 2010 Surveillance filed a Surveillance Risk Management / Injured Person Incident report (IR#:7915) where a slot representative was observed by Surveillance in the security control room getting a blood pressure reading.  Surveillance was not notified by Security as to the situation.

Gaughan Gaming
July 19, 2010
Notice of Violation
Page 4

_____

### *Commission Actions Based upon Violations*

Due to past and present incidents, the overriding concerns of the Commission relating to the integrity of the gaming facilities and the lack of communication between Security and Surveillance, the Commission is forced to take action to preserve the integrity of the facilities. Beginning September 1, 2010, Chapter 8 of the Commission Regulations shall become effective (the "Effective Date"). As of the Effective Date all Surveillance employees shall be considered employees of the Commission and shall report directly to the Commission. In addition, as of the Effective Date, no Surveillance employees may be directly employed by either of the Tribe's gaming facilities or by the Manager.

Gaughan Gaming shall be assessed an amount of **$5,000.00** for each violation relating to each event. Thus, for its failure to continuously comply with the Gaming Ordinance and Commission Regulations as described herein, the Manager shall immediately pay an assessment of **$25,000**.

The above assessments shall not be charged as an operational expense to the Tribe's gaming facilities or otherwise cause a reduction in the amount of net revenue transferred to the Tonkawa Tribe pursuant to the approved management agreement.

Sincerely,

Russell Martin
Chairman, Tonkawa Gaming Commission

Cc:    Glenn Vichengrad, General Manager Native Lights Casino
       Don James, General Manager Tonkawa Casino
       Tonkawa Tribal Business Committee
       Brenda Gaston, Chief Compliance Officer



**TONKAWA TRIBE OF OKLAHOMA**
# TONKAWA TRIBAL GAMING COMMISSION
10750 ALLEN DRIVE
TONKAWA, OKLAHOMA 74653

September 8, 2010

Mr. John Gaughan
Gaughan Gaming – Native Lights LLC
Gaughan Gaming – Tonkawa LLC
8924 Spanish Ridge Avenue
Las Vegas, NV 89148

> *Re:*   *Notice of Violation – Payment of Fine/Assessment*

Dear Mr. Gaughan:

The Tonkawa Gaming Commission ("Commission") issued a Notice of Violation ("NOV") that was received by Gaughan Gaming on July 19, 2010 and the NOV required Gaughan Gaming to **immediately** submit payment for an assessment of **$25,000**. The NOV was issued for non-compliance with the policies and procedures regarding the interaction between security and surveillance personnel.

In a letter dated July 22, 2010, Gaughan Gaming formally responded to the issuance of the NOV by the Commission. Several exhibits were submitted as proof or otherwise that Gaughan Gaming was not in compliance with the applicable rules, regulations, policies and procedures. Notably, the "Surveillance and Security Communications Process" document governing the interaction between Security and Surveillance was not included in the exhibits although the letter from the Commission Executive Director approving the Process on June 3, 2010 was attached as Exhibit 3 to the response of Gaughan Gaming. This is precisely the policy and procedure that was violated and which the Commission grounds the justification for the NOV with.

After the passage of over forty-five (45) days and several calls regarding this issue between counsel for the Commission and Gaughan Gaming, there were at least five (5) other

Gaughan Gaming
September 8, 2010
Notice of Violation - Payment
Page 2

---

events where the Process was not followed, but for the time being, the Commission has elected not issue another NOV on this issue.

As of today's date, however, no payment has been received for the July 19, 2010 NOV. Gaughan Gaming shall forward payment of the administrative assessment and such payment must be received by the Commission no later than **Friday, September 14, 2010 at 5:00 pm central time.** If payment of the administrative assessment is not submitted to the Commission, this letter shall serve as a notice that the Commission may move to immediately suspend the license of Gaughan Gaming and initiate an action to determine whether Gaughan Gaming remains suitable to remain as the manager of the Tribe's gaming facilities that may result in fines, probation, or revocation of Gaughan Gaming's license to manage the gaming facilities. A formal complaint and notice will provide you with the date of the hearing.

Sincerely,

Russell Martin
Chairman, Tonkawa Gaming Commission


Cc:   Glenn Vichengrad, General Manager Native Lights Casino
      Don James, General Manager Tonkawa Casino
      Tonkawa Tribal Business Committee