# NATIONAL INDIAN GAMING COMMISSION

## NOTICE OF VIOLATION

NOV-09-06A

TO:  Tonkawa Indian Tribe
Attn: Don Patterson, President
1 Rush Buffalo Road
Tonkawa, OK 74653
FAX: (580) 628-3036

Candace Mayer, Secretary
(AGENT FOR SERVICE OF PROCESS)
1 Rush Buffalo Road
Tonkawa, OK 74653
FAX: (580) 628-3375

Tonkawa Tribal Gaming Commission
Attn: Thomas C. Nelson, Chairman
P.O. Box 467
Tonkawa, OK 74653
FAX: (580) 628-7034

1. Notification of Violation

   The Chairman of the National Indian Gaming Commission (NIGC) hereby gives notice that the Tonkawa Indian Tribe (Respondent or Tribe), located in Tonkawa, Oklahoma, has violated NIGC regulations by failing to submit timely quarterly statements and fee payments for the Tonkawa Indian Casino for the quarters ending March 31, June 30, and September 30 of Calendar Year 2008 and for the Native Lights Casino for the quarter ending September 30 of Calendar Year 2008.

2. Authority

   Under the Indian Gaming Regulatory Act (IGRA) and NIGC regulations, the Chairman of the NIGC (Chairman) may issue a Notice of Violation (NOV) to any person for violation of any provision of the IGRA, NIGC regulations, or any provision of a tribal gaming ordinance or resolution approved by the Chairman. 25 U.S.C. § 2713; 25 C.F.R. § 573.3.

3. <u>Applicable Federal Laws</u>

   A. IGRA requires the NIGC to establish a schedule of fees to be paid to the Commission annually by each gaming operation that conducts a class II or class III gaming activity. 25 U.S.C. § 2717.

   B. NIGC regulations require that each gaming operation under the jurisdiction of the Commission shall pay to the Commission annual fees as established by the Commission. 25 C.F.R. § 514.1(a).

   C. Each gaming operation subject to the jurisdiction of the Commission and not exempt from paying fees pursuant to the self-regulation provisions shall file with the Commission a quarterly statement showing its assessable gross revenues for the previous calendar year. 25 C.F.R. § 514.1(c).

   D. The quarterly statements are due March 31, June 30, September 30, and December 31 of each calendar year the gaming operation is subject to the jurisdiction of the NIGC. 25 C.F.R. § 514.1(c)(2). The quarterly statements shall be transmitted to the Commission and arrive no later than the due date. 25 C.F.R. § 514.1(c)(4).

   E. NIGC regulations require each gaming operation to remit to the Commission the fees due each quarter with the quarterly statement. 25 C.F.R. § 514.1(c)(5).

   F. NIGC regulations define "gaming operation" as "each economic entity that is licensed by a tribe, operates the games, receives the revenues, issues the prizes and pays the expenses." A gaming operation may be operated by a tribe directly; by a management contractor; or, under certain conditions, by another person or other entity. 25 C.F.R. § 502.10.

4. <u>Role of Quarterly Fees and Quarterly Statements</u>

   The annual fees collected by the NIGC are necessary in order to fund the agency's oversight and regulation of Indian gaming and are based upon the quarterly statements submitted by Indian gaming operations. NIGC must set a fee rate sufficient to fund its annual budget, yet may not exceed the fee cap set by Congress. Thus, it is imperative that the NIGC receive quarterly statements from the gaming operations in a timely manner so that the NIGC is able to set accurate preliminary and final fee rates.

5. <u>Circumstances of the Violation</u>

   A. Respondent is a federally recognized Indian Tribe with tribal headquarters in Tonkawa, Oklahoma.

EXHIBIT 2

B. The Tribe operated its gaming operation, Tonkawa Indian Casino, during all or part of 2007 and 2008.

C. The Tribe operated its gaming operation, Native Lights Casino, during all or part of 2007 and 2008.

D. The NIGC received untimely quarterly statements for the Tonkawa Indian Casino as follows:

For the quarter ending March 31, 2008 on November 6, 2008, 220 days late.

For the quarter ending June 30, 3008 on November 6, 2008, 129 days late.

For the quarter ending September 30, 2008 on November 6, 2008, 37 days late.

E. The NIGC received untimely quarterly fee payments for the Tonkawa Indian Casino as follows:

For the quarter ending June 30, 3008 on November 10, 2008, 133 days late.

For the quarter ending September 30, 2008 on November 10, 2008, 41days late.

F. The NIGC received an untimely quarterly statement and fee payment for the Native Lights Casino for the quarter ending September 30, 3008, on October 24, 2008, 24 days late.

G. Untimely submission of quarterly statements and the requisite fee payments are a violation of NIGC regulations.

6. Measures Required to Correct the Violation

While there is no remedial action that can correct the untimely submission of quarterly statements and fees, improved controls to ensure timely submission of future quarterly statements and fees should be put in place.

7. Appeal

Within thirty (30) days after service of this Notice of Violation, Respondent may appeal to the full Commission under 25 C.F.R. Part 577 by submitting a notice of appeal, and, if desired, request for hearing to the National Indian Gaming Commission, 1441 L Street NW, Ninth Floor, Washington, DC 20005.

Respondent has a right to assistance of counsel in such an appeal. A notice of appeal must reference this Notice of Violation.

Within ten (10) days after filing a notice of appeal, Respondent must file with the Commission a supplemental statement that states with particularity the relief desired and the grounds therefore and that includes, when available, supporting evidence in the form of affidavits. If Respondent wishes to present oral testimony or witnesses at the hearing, Respondent must include a request to do so with the supplemental statement. The request to present oral testimony or witnesses must specify the names of proposed witnesses and the general nature of their expected testimony, whether a closed hearing is requested and why. Respondent may waives its right to an oral hearing and instead elect to have the matter determined by the Commission solely on the basis of written submissions.

8. Fine-Submission of Information

The violation cited above may result in the assessment of a civil fine against Respondent in an amount not to exceed $25,000 per violation per day. Under 25 C.F.R. § 575.5(a), Respondent may submit written information about the violation to the Chairman within fifteen (15) days after service of this notice of violation (or such longer period as the Chairman may grant for good cause). The Chairman shall consider any information submitted in determining the facts surrounding the violation and the amount of the civil fine, if any.

Dated this _____ of February, 2009

PHILIP N. HOGEN
Chairman

HEATHER L. MCMILLAN
Staff Attorney

## Certificate of Service

I certify that this **Notice of Violation** was sent by facsimile transmission and certified U.S. mail, return receipt requested, on this 18th day of February, 2009 to:

_____
Dena Wynn