UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GAUGHAN GAMING - NATIVE LIGHTS, LLC, and GAUGHAN GAMING - TONKAWA, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: CIV-11-330-HE |
| THE TONKAWA TRIBE OF INDIANS OF OKLAHOMA and THE TONKAWA TRIBAL GAMING COMMISSION, | ) ) ) ) ) | |
| Defendants. | ) | |

## GAUGHAN GAMING'S AMENDED BENCH BRIEF IN SUPPORT OF TEMPORARY RESTRAINING ORDER AGAINST THE TTGC

The requested relief before this Court today is a temporary restraining order enjoining the Tonkawa Tribal Gaming Commission's (the "TTGC") summary proceedings on Plaintiffs', Gaughan Gaming-Native Lights, LLC and Gaughan Gaming-Tonkawa, LLC (collectively "Gaughan Gaming"), Management Contract Licenses (the "License"). Gaughan Gaming is **not** seeking injunctive relief against the Tonkawa Tribe of Indians (the "Tribe") at the hearing set today. Gaughan Gaming's requested relief today is limited only to preserving the status quo as to its License. In support, Gaughan Gaming states as follows:

### THIS COURT IS A COURT OF COMPETENT JURISDICTION

This Court is a court of competent jurisdiction as contemplated by the Tribe and the TTGC under the Management Agreements. Section 21.1 of the Management Agreements specifically authorizes Gaughan Gaming to seek relief from "a civil court of

competent jurisdiction." In its Motion to Dismiss, filed this morning, the Tribe seeks to distinguish *Griffith v. Choctaw Casino of Pocola*, 2009 OK 51, 230 P.3d 488, as a case arising under a tribal compact involving tort claims. However, the cases cited within *Griffith* clearly support Gaughan Gaming's position. The United States Supreme Court holds that a "court of competent jurisdiction" means a state or federal court where no specific court was identified. *Blackburn v. Portland Gold Mining Co.*, 175 U.S. 571, 20 S.Ct. 222, 44 L.Ed. 276 (1900) (as cited in *Griffith*, 230 P.3d at 497); *see also Lewis v. Sac and Fox Tribe of Okla. Housing Authority,* 1994 OK 20, ¶ 15, 896 P.2d 503, 509-510 (noting that state courts have jurisdiction over tribal matters where Congress does not specifically provide otherwise, and there is a waiver of sovereign immunity). Moreover, as a matter of contract interpretation, the terms of the Management Agreements must be giving their ordinary and natural meaning. *See Griffith*, 230 P.3d at 497. Section 30 of the Management Agreements specifically states that a court of competent jurisdiction "shall resolve any disputes in accordance with the law of the State of Oklahoma concerning construction of contracts." Coupled with the appeal and review provisions at §16.1(b) and §21.1 of the Management Agreements, this choice of law provision makes it clear that this Court has authority to hear this dispute--any other interpretation will render §16.1 meaningless.

Even assuming the Tribe's arguments in its Motion to Dismiss have merit, procedurally, the Motion to Dismiss does not prevent this Court from ruling on the temporary restraining order today. The TTGC consented to this Court's jurisdiction last week when it joined in the Tribe's removal of this action. Now, the Tribe seeks not only

to dismiss this case but to have this Court dismiss the Kay County Action. This Court's authority does not extend to dismissal of the state court action. Moreover, Gaughan Gaming has 21 days to respond to the Motion to Dismiss under LCvR7.1(g). Accordingly, the Motion to Dismiss does not divest this Court of jurisdiction nor does it operate to stay the hearing set today.

## GAUGHAN GAMING SEEKS TO PRESERVE THE STATUS QUO

Gaughan Gaming seeks to preserve the status quo--keeping its License in place--by enjoining the TTGC from summarily revoking its License in violation of the Tonkawa Tribal Gaming Regulations (the "Regulations"). The Regulations at §13.2 specifically require an evidentiary hearing for a license revocation at which time the TTGC and Gaughan Gaming will come forward with proof of their claims and defenses, subject to cross examination and rebuttal. The TTGC, however, seeks to revoke Gaughan Gaming's License through summary proceedings not found anywhere in the Regulations. Section 16.1(b) of the Management Agreements expressly authorizes Gaughan Gaming to challenge, and/or seek appeal or review of the decisions or procedures of the TTGC. Accordingly, Gaughan Gaming is by its motions challenging, and/or seeking appeal and review of the summary procedures of the TTGC. In the meantime, a summary judgment hearing is set before the TTGC this Thursday. Gaughan Gaming's only form of relief is its requested temporary restraining order.

## GAUGHAN GAMING WILL BE IRREPARABLY HARMED

Gaughan Gaming will suffer irreparable harm to its reputation and its goodwill if the TTGC is permitted to summarily revoke its License. Loss of goodwill and damage to

reputation are enough to show Gaughan Gaming's irreparable injury. *See S&R Corp. v. Jiffy Lube International, Inc.*, 968 F.2d 371, 378 (3d Cir. 1992) "Grounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill." But, Gaughan Gaming will suffer more than just general damage to its reputation and loss of goodwill. Because of the nature of its business, Gaughan Gaming will be required to report a loss of its License (whether procedurally deficient or not) to other gaming commissions working with Gaughan Gaming and its agents and employees. The professional and industry damage to Gaughan Gaming's reputation will be immeasurable and irreparable. Gaughan Gaming is confident that it will succeed on the merits of its case, particularly where the Regulations expressly support Gaughan Gaming's arguments. The TTGC has no evidence or legal authority to support its summary proceedings. Moreover, in contrast to the substantial damage that will inure to Gaughan Gaming, TTGC will suffer no damage if its proceedings are delayed by entry of a temporary restraining order until this Court schedules and hears Gaughan Gaming's motion for temporary injunction which would enjoin the TTGC from invoking and pursuing such summary proceedings.

### **PUBLIC POLICY SUPPORTS ENTRY OF THE TRO**

It is in the public interest that a party contracting with a tribe be able to enforce the rights and remedies under its written agreements and the applicable Regulations concerning its license. Gaughan Gaming extended a significant loan to the Tribe to construct the Native Lights Casino--a tourism draw and revenue stream for the Tribe. The Tribe and the TTGC now seek to permanently revoke Gaughan Gaming's license

outside the terms of the Management Agreements and the applicable Regulations. Gaughan Gaming seeks to enforce its remedies under § 16.1(b) of the Management Agreements. These Agreements were negotiated and agreed to by the Tribe and approved by the TTGC. In such circumstances, it is in the public interest that a non-tribal entity have the confidence and assurance that these tribal agreements will be enforced. Such an order would confirm the integrity of Indian gaming under federal law and TTGC Regulations, and the certainty of the rights of those entities doing business with the Tribe with the expectation that the Tribe and the TTGC will operate within their own rules and regulations. Denial of that relief will on the contrary undermine the integrity of Indian gaming under federal law and TTGC Regulations and reduce to uncertainty the otherwise certain rights granted to Gaughan Gaming and others under the Regulations.

For the reasons stated herein and in its Motion for Temporary Restraining Order and supporting Affidavit, Gaughan Gaming requests entry of a temporary restraining order enjoining the TTGC's summary proceedings on Gaughan Gaming's License and preserving the status quo as to the License.

Respectfully submitted,

/s/ Jimmy Goodman
Jimmy Goodman, OBA #3451
Regan Strickland Beatty, OBA #20349

-Of the Firm-

CROWE & DUNLEVY
A Professional Corporation
20 North Broadway
Suite 1800

        Oklahoma City, OK 73102-8273
        (405) 235-7700
        (405) 239-6651 (Facsimile)

        -And-

        D. Michael McBride III, OBA # 15431

        -Of the Firm-

        CROWE & DUNLEVY
        a Professional corporation
        500 Kennedy Building
        321 South Boston Avenue
        Tulsa, Oklahoma  74103-3313
        (918) 592-9800
        (918) 592-9801 (Facsimile)


        ATTORNEYS FOR PLAINTIFFS
        GAUGHAN GAMING-NATIVE LIGHTS,
        LLC AND GAUGHAN GAMING-
        TONKAWA, LLC


## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 28th day of March, 2011, I electronically transmitted the attached a*mended* document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Gary S. Pitchlynn
O. Joseph Williams
Stephanie Moser Goins
Pitchlynn & Williams, PLLC
124 East Main Street
P.O. Box 427
Norman, Oklahoma 73070
Email: gspitchlynn@pitchlynnlaw.com
jwilliams@pitchlynnlaw.com
smgoins@pitchlynnlaw.com

Roger F. Wiley
Rossette & Associates PC
P.O. Box 1667
McAlester, OK 74502
Email:  rwiley@rosettelaw.com

                                          /s/ Jimmy Goodman
                                          Jimmy Goodman