UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

GAUGHAN GAMING – NATIVE LIGHTS, LLC and GAUGHAN GAMING – TONKAWA, LLC,

        Plaintiffs,

v.

THE TONKAWA TRIBE OF INDIANS OF OKLAHOMA and THE TONKAWA TRIBAL GAMING COMMISSION,

        Defendants.

No. CIV-11-33-HE

**DEFENDANT TONKAWA TRIBAL GAMING COMMISSION'S SUPPLEMENTAL BRIEF REGARDING REMOVAL OF STATE COURT ACTION AND FEDERAL QUESTION JURISDICTION**

## I. INTRODUCTION

The Tonkawa Tribal Gaming Commission (hereinafter the "Tribal Gaming Commission"), by and through its attorneys, Rosette & Associates, PC, hereby submits this supplemental brief in support of the removal of this action from Kay County District Court pursuant to 28 U.S.C. § 1446 on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

In addition to providing supporting justification of federal question jurisdiction, the cases cited herein support that 28 U.S.C. § 1331 confers subject matter jurisdiction to this Court, but the fact this Court has subject matter jurisdiction does not negate tribal sovereign immunity.

_____

## II. THE REMOVAL PETITION PRESENTS A FEDERAL QUESTION

### (a) *The Indian Gaming Regulatory Act Preempts the Field of Indian Gaming*

First, the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701-2721, was expressly intended to "preempt the field in the governance of gaming activities on Indian lands." S.Rep. No. 446, 100th Cong., 2d Sess. 6 (1988), reprinted in 1988 U.S.C.C.A.N. 3076. Regulations promulgated to implement IGRA by the National Indian Gaming Commission ("NIGC") require each management agreement to "[p]rovide that all gaming covered by the contract will be conducted in accordance with the Indian Gaming Regulatory Act (IGRA, or the Act) and governing tribal ordinance(s)." 25 C.F.R. §531.1. Thus, management agreements for gaming operations, such as the agreement at issue here, incorporate the terms of the IGRA by operation of law. *Iowa Mgmt. & Consultants, Inc. v. Sac & Fox Tribe of Mississippi in Iowa*, 207 F.3d 488, 490 (8th Cir. 2000); *Tamiami Partners v. Miccosukee Tribe of Indians*, 63 F.3d 1030, 1047 (11th Cir.1995); *Tamiami Partners v. Miccosukee Tribe of Indians*, 177 F.3d 1212, 1222-1223 (11th Cir.1999) As a result, disputes arising under such management agreements are disputes arising under the laws of the United States for which the district courts enjoy jurisdiction via 28 U.S.C. § 1331. *See id.*

In *Tamiami Partners*, the 11th Circuit concluded that since a management company's claims arose from the management contract and the management contract incorporated-by operation of law if not by reference-the provisions of IGRA and the regulations of the NIGC, the claims arose under federal law and the federal court had

subject matter jurisdiction. *See Tamiami Partners*, 63 F.3d at 1047; *see also Tamiami Partners*, 177 F.3d at 1222-1223; *Cascade Entertainment Group, LLC, et al v. Picayune Rancheria of the Chukchansi Indians, et al.*, (No. CV-F-04-5135) (E.D. Cal. 2004) (attached as Exhibit A at p. 10).

**(b)** *Determinations of Tribal Sovereign Immunity Derive from Federal Law*

In *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, the United States Supreme Court affirmed that, "[a]s a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." 523 U.S. 751, 754 (1998).

Tribal sovereign immunity extends to subdivisions of a tribe such as the Tribal Gaming Commission. *See Breakthrough Mgmt. Group, Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1183 (10th Cir. 2010); *see also, e.g., Native American Distributing v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288, 1292 (10th Cir. 2008); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046-47 (9th Cir. 2006); *Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth.*, 207 F.3d 21, 29 (1st Cir.2000); *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1043 (8th Cir.2000).

The broad interpretation of tribal sovereign immunity can trace its origins to "Congress' desire to promote the 'goal of Indian self-government, including its "overriding goal" of encouraging tribal self-sufficiency and economic development,' " Oklahoma Tax Comm'n v. Citizen Band of Potawatomi Tribe of Oklahoma, 498 U.S. 505, 510 (1991) (quoting *California v. Cabazon Band of Mission Indians*, 480 U.S. 202,

216, (1987)), as well as to "Executive Branch policies, and judicial opinions," *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 824 n. 9 (10th Cir. 2007).

### III.   FEDERAL QUESTION JURISDICTION DOES NOT NEGATE TRIBAL SOVEREIGN IMMUNITY

Although there is substantial authority vesting this Court with subject matter jurisdiction via federal question jurisdiction, the issue of this Court lacking subject matter jurisdiction due to tribal sovereign immunity requires a different analysis. It's important this Court not conflate *See Nanomantube v. Kickapoo Tribe in Kansas*, 631 F.3d 1150, 1152 (10th Cir. 2011); *see also Miner Elec., Inc. v. Muscogee (Creek) Nation*, 505 F.3d 1007, 1012 (10th Cir. 2007) (rejecting the notion that a tribe cannot "invoke its sovereign immunity from suit in an action that challenges the limits of the tribe's authority over non-Indians.").

Federal-question jurisdiction does not negate an Indian tribe's immunity from suit. *Miner Elec., Inc.*, 505 F.3d at 1009. Nothing in 28 U.S.C. § 1331 unequivocally abrogates tribal sovereign immunity. *Id.* Speaking in the context of the United States' sovereign immunity, the *Miner* court held that:

> [w]hile 28 U.S.C. § 1331 grants the court jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States, it does not independently waive the Government's sovereign immunity; § 1331 will only confer subject matter jurisdiction where some other statute provides such a waiver.

*High Country Citizens Alliance v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006) (quotation omitted), *cert. denied*, 550 U.S. 929 (2007). Tribal sovereign immunity is deemed to be coextensive with the sovereign immunity of the United States. *Ramey*

*Const. Co. v. Apache Tribe of Mescalero Reservation*, 673 F.2d 315, 319-20 (10th Cir. 1982).  Therefore, in an action against an Indian tribe, we conclude that § 1331 will only confer subject matter jurisdiction where another statute provides a waiver of tribal sovereign immunity or the tribe unequivocally waives its immunity.  *Miner Elec., Inc.*, 505 F.3d at 1009.

## **CONCLUSION**

Based upon the foregoing reasons, the Notice of Removal from the Kay County District Court filed by the Tonkawa Tribe of Indians of Oklahoma was proper under 28 U.S.C. § 1446 as the instant action presents a federal question as required pursuant to 28 U.S.C. 1331, notably that the federal law doctrine of tribal sovereign immunity and management contract interpretation pursuant to the Indian Gaming Regulatory Act,.

RESPECTFULLY SUBMITTED this 29th day of March 2011

                                              By: /s/Roger F. Wiley_____

                                              ROGER WILEY
ROSETTE & ASSOCIATES, PC
P O Box 1667
McAlester, OK 74502
480-242-4570
480-889-8997 (fax)
rwiley@rosettelaw.com

                                              OF COUNSEL:
Ezekiel J.N. Fletcher
ROSETTE & ASSOCIATES, PC
Boji Tower
124 W. Allegan Street
Suite 1400
Lansing, Michigan 48933
Tel: (517) 367-7040
Fax: (517) 913-6443
zfletcher@rosettelaw.com

                                              Attorneys for Tonkawa Tribal Gaming Commission

## CERTIFICATE OF SERVICE

I certify that on the 29th day of March, 2011, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.
Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants.

Jimmy K. Goodman, goodmanj@crowedunlevy.com
D. Michael McBride, michael.mcbride@crowedunlevy.com
Regan Grace S. Beatty, regan.beatty@crowedunlevy.com

Attorneys for Gaughan Gaming-Native Lights, LLC and Gaughan Gaming-Tonkawa, LLC

Gary S. Pitchlynn, gspitchlynn@pitchlynnlaw.com
O. Joseph Williams, jwilliams@pitchlynnlaw.com
Stephanie Moser Goins, smgoins@pitchlynnlaw.com

Attorneys for Tonkawa Tribe of Indians of Oklahoma

            /s/ Roger F. Wiley_____
            Roger F. Wiley